## L. & L. H. SMITH *vs.* BROWNELL.

The defendant, being the owner of a judgment against H., rendered by a justice of the peace, upon which an execution had been issued and levied on sufficient property, sold the same to the plaintiffs, who gave their promissory notes for the amount, which were received in full satisfaction for the judgment; the defendant agreeing to assign the judgment to the plaintiffs the next morning. Instead of doing so, however, he receipted the execution in full, and the justice thereupon discharged the judgment. H. then gave a chattel mortgage upon the property levied on, to other persons. The defendant kept the notes, and refused to assign the judgment. *Held* that the evidence showed a good cause of action in favor of the plaintiff, for the breach of the defendant's agreement, and that it should have been submitted to the jury.

APPEAL from a judgment of nonsuit ordered at the circuit.

*W. B. Ruggles,* for the appellants.

*J. F. Wetmore,* for the respondent.

*By the Court,* WELLES, J. On or about the 1st day of August, 1861, the defendant had a judgment in his own name, against one Hadley, rendered by a justice of the peace on the 18th day of April, 1859, for $92.65, upon which an execution had been issued on the 23d day of July, 1861, and delivered to a constable, who by virtue thereof had, on the same day, levied upon personal property of Hadley sufficient to satisfy it, and had advertised the same for sale,

Smith *v.* Brownell.

After this, and on the day before that mentioned in the advertisement for the sale of the property, and on or about the said 1st day of August, 1861, a negotiation took place between the plaintiffs and the defendant, which the plaintiffs contend, and so the evidence tends to prove, resulted in an agreement between them in the evening of the day last mentioned, by which the plaintiffs purchased of the defendant the judgment against Hadley, and executed and delivered their four promissory notes therefor to the defendant; three for $28 each, payable in one, two and three years, and the other for $27, payable in four years, all bearing interest from date. These notes were received by the defendant in full satisfaction for the judgment, and he agreed to deliver to the plaintiffs an assignment of the judgment the next morning, saying he could not conveniently do it that evening, as the papers were locked up in his office. That by the arrangement the plaintiffs were to be put in the defendant's place in respect to the judgment and execution. The transaction, so far, was consummated about nine o'clock in the evening; the defendant agreeing to assign the judgment to the plaintiffs the next morning, and promising to see the constable before the hour of sale, and have the sale postponed in case one of the plaintiffs should not be there in time. The next day the defendant, instead of assigning the judgment to the plaintiffs, gave a receipt in full for the same, without the consent and against the will of the plaintiffs, and the execution was returned by the constable satisfied in full, by the plaintiff's (the defendant in this action,) receipt in full indorsed thereon. Entries were made by the justice to that effect in his docket. After this, Hadley gave chattel mortgages upon the same property to other persons, for more than its value. The plaintiffs, in the afternoon of the day after the notes were executed and delivered as above, demanded of the defendant the assignment of the judgment or the delivery up of the notes. He did not assign the judgment or deliver up the notes. Some time after the defendant told

one of the plaintiffs to hold on and they would arrange it. A few days after, the defendant met one of the plaintiffs and said he had concluded to keep the notes and collect them when due. He has never assigned the judgment.

Evidence was given by the defendant in some respects variant from the foregoing, but which is not necessary to be stated, as the plaintiffs were nonsuited, and if the case as made out by the plaintiffs' evidence entitled him to a verdict, it should have been submitted to the jury to say which version was the true one.

It seems to me the plaintiffs' evidence established a good cause of action and should have been submitted to the jury. The purchase of the judgment was complete without a formal assignment. All that remained to complete the arrangement was for the defendant to put the plaintiffs in possession of their title, to enable them to control the judgment with more facility. They had paid for it by their notes which the defendant had received in full for the consideration of the purchase money of the sale. By the agreement between the parties the judgment was to be assigned to the plaintiffs, so that they would hold it in full operation with all its incidents. They were to be put in the defendant's place in respect to the judgment and execution. The defendant grossly violated his agreement, not only by refusing to assign the judgment but more especially by indorsing the execution satisfied; thus doing all in his power to destroy and render it worthless to the plaintiffs. He is not at liberty now to allege that his acts were unauthorized, or that the judgment is still valid and subsisting. His receipt was a justification to the constable in returning the execution satisfied, and to the justice in entering the satisfaction on his docket. It is doubtful whether an action could be maintained upon the judgment after a sufficient levy had been made under the execution, and the levy relinquished, and the judgment apparently satisfied on the justice's docket. The plaintiffs were entitled, by the agreement, to all the

rights of the defendant to the judgment, execution and levy. These rights, if not destroyed, have been jeoparded and rendered nearly or quite valueless by the conduct of the defendant. The levy was as important to the plaintiff as any part of his purchase, and that was lost by the act and refusal of the defendant.

The defendant will not be permitted to allege that he cannot compel payment of the notes. He has taken them as payment for the assignment of the judgment, and refuses to restore them to the plaintiffs, who should not be left exposed to the risk, vexation and expense of defending against them. They were payable at a future day, and would unquestionably be valid in the hands of an innocent *bona fide* indorsee or holder for value. I think the judgment should be reversed and a new trial ordered, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, March 2, 1863. *Johnson, J. C. Smith* and *Welles;* Justices.]